# In the United States Court of Federal Claims

| | |
|---|---|
| DEMARK DIXON,<br><br>               Plaintiff,<br><br>               v.<br><br>THE UNITED STATES,<br><br>               Defendant. | No. 25-cv-299<br><br>Filed: July 31, 2025 |

*Demark Dixon*, Virginia Beach, Virginia, appearing *pro se.*

*William James Grimaldi* of the United States Department of Justice, Civil Division, Washington, D.C., appearing for Defendant.

### MEMORANDUM AND ORDER

     For nearly three decades, *pro se* Plaintiff Demark Dixon has challenged his 1997 and 1998 federal convictions and imprisonment for conspiracy to commit bank robbery, bank robbery, use of a firearm, and racketeering. In this action, Plaintiff seeks compensation for these allegedly unlawful convictions and imprisonment. However, as Plaintiff himself acknowledges, he has yet to obtain a certificate of innocence—a predicate to recovery for unjust conviction. 28 U.S.C. §§ 1495, 2513. Plaintiff also alleges a violation of his right to due process under the Fifth Amendment, but it is well-established that this Court lacks jurisdiction over such claims.

     Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (Rules). ECF No. 9 (Motion or Mot.). Because Plaintiff has failed to establish that this Court has subject matter jurisdiction over his claims and, alternatively, has failed to state a claim upon which relief can be granted, Defendant's Motion to Dismiss is **GRANTED**.

**BACKGROUND**

I.      **Plaintiff's Convictions and Subsequent Challenges to His Convictions**

On December 5, 1997, a jury in in the Southern District of New York convicted Plaintiff of conspiracy to commit bank robbery, bank robbery, and use of a firearm. *United States v. Rahman*, 166 F.3d 1202 (2d. Cir. 1998) (unpublished table decision); ECF No. 1 (Complaint or Compl.) at 3 ("I lost trial in the Southern District [of New York] by the above defendant."); ECF No. 13 at 1. Plaintiff was sentenced to 147 months imprisonment followed by a three-year term of supervised release. *United States v. Rahman*, No. 97-498-8 (S.D.N.Y.) (ECF No. 88); Mot. at 2.[1]

On February 19, 1998, Plaintiff pled guilty to racketeering (specifically involving robbery and conspiracy to commit robbery) in the United States District Court for the Eastern District of New York and was sentenced to a term of 120 months imprisonment and a three-year term of supervised release. *Dixon v. United States*, No. 14-cv-1223, 2018 WL 910522, at *1−2 (E.D.N.Y Feb. 14, 2018); ECF No. 1-1 at 27−40 (Superseding Indictment); Compl. at 3 (noting Plaintiff's guilty plea in the Eastern District of New York). Plaintiff was released from prison in 2010.[2] Compl. at 4; Mot. at 2.

Plaintiff has unsuccessfully challenged these convictions for nearly three decades. Compl. at 3 ("For over 26 years, this petitioner has been fighting the above defendant, about this unlawful

---

[1] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

[2] In 2000, Plaintiff pled guilty to another offense in the United States District Court for the Eastern District of Pennsylvania, and was sentenced to 55 months imprisonment and three years of supervised release. *United States v. Shaw et al.*, No. 99-cr-525-3 (E.D. Pa.) (ECF Nos. 1, 305, 692). However, Plaintiff does not appear to raise claims pertaining to that imprisonment in this action. *See* Compl. at 2 (describing the case underlying his claim here as "a very high profile case that covered both Eastern & Southern Districts of New York").

2

conviction . . . ."); *see, e.g.*, *Dixon v. United States*, No. 24-cv-4312, 2024 WL 3413735 (S.D.N.Y. July 15, 2024) (denying Plaintiff's petition for writ of *coram nobis*); *id.* at *3 ("Courts have repeatedly affirmed that the evidence introduced at Petitioner's trial was adequate to demonstrate Petitioner's guilt and have rejected Petitioner's claims of actual innocence."); *Dixon*, 2018 WL 910522, at *8 (denying Plaintiff's petition for writ of *coram nobis* in the Eastern District of New York).

## II. Plaintiff's Complaint in this Court

On February 19, 2025, Plaintiff filed his Complaint in this Court, contending that he is entitled to compensation for two reasons.[3] Compl. at 1−3. *First*, Plaintiff claims that his convictions and imprisonment were unlawful. Specifically, he alleges that Government "witnesses/informants committed perjury" during his trial, contends his counsel withheld crucial alibi evidence from the Court, and claims that he was threatened into pleading guilty in the Eastern District of New York. *Id. Second*, Plaintiff alleges that Defendant violated his Fifth Amendment right to due process. *Id.* at 1 ("[D]efendant violated petitioners [sic] [Fif]th Amendment of the Constitution, 'to protect citizens from criminal prosecution and punishment without due process, and fair trials . . . .'"). In support of his claims, Plaintiff attaches to his Complaint various

---

[3] In addition to the United States, Plaintiff names the Southern District of New York as a Defendant in this action and references the conduct of the prosecutor and Plaintiff's court-appointed counsel involved in Plaintiff's trial in the Southern District of New York. Compl. at 1–3; ECF No. 1-3 at 1. It is well established that this Court may only hear claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of [this] court."); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Thus, the Court dismisses all claims not brought against the United States. Additionally, the Court understands Plaintiff's Complaint to also challenge his conviction in the Eastern District of New York, as well as his conviction in the Southern District of New York, as Plaintiff references both convictions and conduct occurring within both districts in his Complaint. *See, e.g.*, Compl at 2 ("The above defendant for both districts, shared the same discovery material and Government witnesses." (emphasis omitted)).

3

documents which he claims demonstrate his innocence and the unlawfulness of his conviction and imprisonment, including incarceration records, written statements from individuals, and other documents that Plaintiff contends substantiate his alibi, ECF No. 1-1 at 1–3, 54–75; Plaintiff's Motion for Reconsideration of the denial of his writ of *coram nobis* in the Southern District of New York, *id.* at 7–11; a complaint of alleged prosecutorial misconduct Plaintiff filed in 2024, *id.* at 4–6; transcripts and other documentation related to Plaintiff's convictions, *id.* at 13–53; and a news article pertaining to the underlying offense, *id.* at 12.[4]  Although Plaintiff asserts that this evidence demonstrates his innocence, Plaintiff readily acknowledges that he has not obtained a certificate of innocence from the United States District Court for the Southern District of New York, and Plaintiff likewise does not allege that he has obtained a certificate of innocence from the United States District Court for the Eastern District of New York.[5]  ECF No. 11 (Response or Resp.) at 1 ("Yes, as of yet [P]laintiff do[es] not have a certificate of innocence, but a lot of overwelming wronful [sic] acts and [c]onstitutional violations."); ECF No. 16 at 1 ("Plaintiff can not [sic] force the lower [c]ourt to grant [him] anything[,] not even a certificate of innocence."); ECF No. 18 at 1 ("As of the date on this notice, the lower [c]ourt hav'nt [sic] made a decision yet concerning a certificate of innocence being issued on behalf of [P]laintiff." (emphasis omitted)).

As relief, Plaintiff seeks $50,000 in damages for each year he was incarcerated, and $25,000 for each year he was under supervised release. Compl. at 4. Additionally, in his Response

---

[4] In support of his claim, Plaintiff also filed a Notice of Representation (ECF No. 6), Request to Reply (ECF No. 8), an "Addendum to Plaintiff['s] Motion for Monetary Relief from the Defendant" (ECF No. 13), and two other Notices (ECF Nos. 16, 18). The Court filed each of these documents by its leave, notwithstanding various procedural deficiencies. ECF Nos. 5, 7, 12, 15, 17.

[5] As explained further below, a "certificate of innocence" is proof of the requirements in 28 U.S.C. § 2513. *See infra* Discussion § I; *Faircloth v. United States*, No. 21-958, 2022 WL 908953, at *3 (Fed. Cl. Mar. 29, 2022).

4

to Defendant's Motion, Plaintiff requests a hearing before this Court, and requests that the Defendant meet to discuss settlement. Resp. at 2; *see also* ECF No. 16 at 1.

### III. Defendant's Motion to Dismiss

On April 9, 2025, Defendant moved to dismiss Plaintiff's Complaint under Rule 12(b)(1) and, alternatively, under Rule 12(b)(6). Mot. at 1–2. *First*, Defendant contends that this Court must dismiss Plaintiff's Complaint because Plaintiff has "neither provided any evidence that his conviction has been overturned nor proffered a certificate of innocence," and therefore he has failed to satisfy the jurisdictional requirements of Sections 1495 and 2513. *Id.* at 3–6; ECF No. 14 (Reply) at 1−2. Alternatively, Defendant argues that—given Plaintiff's failure to produce or allege the existence of a certificate of innocence—dismissal of his unjust conviction claim is appropriate under Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Mot. at 6–7. *Second*, Defendant contends that this Court lacks jurisdiction over Plaintiff's constitutional claim because the Due Process Clause is not a money-mandating source of federal law. *Id.* at 7. In response, Plaintiff argues that "[t]his Court possesses subject matter jurisdiction to entertain plaintiff['s] complaint pursuant to 28 U.S.C. [§] 1495, because [his] unjust conviction and unlawful imprisonment monetary relief request is over $10,000." Resp. at 1. Defendant's Motion is now fully briefed and ripe for resolution.

## APPLICABLE LEGAL STANDARDS

### I. Jurisdiction of the Court of Federal Claims

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). Generally, the Tucker Act defines this Court's jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress

or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not create any enforceable right against the United States on its own, nor does it grant jurisdiction over "every claim invoking the Constitution, a federal statute, or a regulation." *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (quoting *United States v. Mitchell*, 463 U.S. 206, 216 (1983)). Instead, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). As explained further below, this Court also has "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned," if the plaintiff proves that he has met certain requirements. 28 U.S.C. §§ 1495, 2513.

Although this Court construes *pro se* pleadings liberally, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

## II. Standards of Review

### A. Rule 12(b)(1)

This Court must dismiss claims outside its subject matter jurisdiction. Rules 12(h)(3), 12(b)(1); *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019) ("It is well settled that limitations on subject-matter jurisdiction are not waivable . . . ."); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing Rule 12(h)(3)) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."). When resolving a motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all

uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

**B.     Rule 12(b)(6)**

Pursuant to Rule 12(b)(6), this Court may dismiss an action for failure to state a claim upon which relief can be granted. To withstand dismissal, a complaint must contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding whether to dismiss under Rule 12(b)(6), the Court must accept as true undisputed factual allegations in the complaint and construe them in a light most favorable to the plaintiff. *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009).

## DISCUSSION

This Court lacks jurisdiction over both of Plaintiff's claims. *First*, the Court lacks jurisdiction over Plaintiff's unjust conviction claim, because Plaintiff has failed to satisfy the requirements set forth in Section 2513. *Second*, the Court lacks jurisdiction over Plaintiff's constitutional claim, because the Due Process Clause is not a money-mandating provision of federal law. Thus, for the reasons explained in further detail below, this Court must dismiss Plaintiff's unjust conviction and constitutional claims for lack of jurisdiction.

**I.     This Court Lacks Jurisdiction Over Plaintiff's Unjust Conviction Claim.**

Plaintiff fails to satisfy the jurisdictional requirements to properly assert an unjust conviction claim. Section 1495 provides: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. Section 2513 sets forth the facts a plaintiff must prove to prevail on a claim under Section 1495. 28 U.S.C. § 2513. Specifically, a plaintiff suing under Section 1495 must allege and prove that:

7

> (a)(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such a conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (a)(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

*Id.* Said differently, Section 2513 requires a plaintiff to prove that (1) his conviction was reversed or set aside on the ground that he is not guilty, (2) he did not commit any of the acts charged or his acts or omissions did not constitute an offense against the United States, and (3) he did not by misconduct or neglect cause or bring about his own prosecution. *Jackson v. United States*, 162 Fed. Cl. 282, 300 (2022). Crucially, a plaintiff must demonstrate these facts in the form of a "certificate of innocence," which is "a certificate of the court or pardon wherein such facts are alleged to appear." 28 U.S.C. § 2513(b); *Faircloth*, 2022 WL 908953, at *3.

It is well-established that this Court can assert jurisdiction over a claim brought under Section 1495 only if the plaintiff meets each of the requirements of Section 2513.[6] *Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958); *see also Burmaster v. United States*, 744 F. App'x 699, 701 (Fed. Cir. 2018) ("To satisfy the *jurisdictional requirements* for claims of unjust imprisonment, the person suing the United States must submit a certificate or pardon stating that '[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted,' and that '[h]e did not commit any of the acts charged . . . .'" (emphasis added) (quoting *Humphrey v. United States*, 60 F. App'x 292, 294 (Fed. Cir. 2003)); *Jackson*, 162 Fed. Cl. at 299 ("[T]his Court has subject matter jurisdiction over a 28 U.S.C. § 1495 cause of

---

[6] *But see infra* note 8 (discussing a concurrent line of Federal Circuit precedent framing a failure to meet the requirements of Sections 1495 and 2513 as a failure to state a claim upon which relief can be granted).

8

action only if the plaintiff complies with 28 U.S.C. § 2513, including its requirement of a certificate of innocence."); *Sanganza v. United States*, 164 Fed. Cl. 188, 196 (2023) ("[T]his Court lacks subject matter jurisdiction over an unjust conviction and imprisonment claim unless the claimant satisfies the requirements of Section 2513.").

Here, Plaintiff has not satisfied the requirements of Section 2513. Indeed, Plaintiff acknowledges that he does not have a certificate of innocence. Resp. at 1 ("Yes, as of yet [P]laintiff do[es] not have a certificate of innocence, but a lot of overwelming wronful [sic] acts and [c]onstitutional violations."); ECF No. 16 at 1 ("Plaintiff can not [sic] force the lower [c]ourt to grant [him] anything[,] not even a certificate of innocence."); ECF No. 18 at 1 ("As of the date on this notice, the lower [c]ourt hav'nt [sic] made a decision yet concerning a certificate of innocence being issued on behalf of [P]laintiff." (emphasis omitted)).[7] Plaintiff further acknowledges, as he must, that he cannot prevail on his unjust conviction and imprisonment claim in this Court without a certificate of innocence. ECF No. 18 at 1 ("I know that this Court[']s hands are tied from granting me monetary relief without a certificate of innocence from the lower Court . . . .").

Additionally, Plaintiff has not alleged that "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense . . . or that he has been pardoned." 28 U.S.C. § 2513(a)(1). Although Plaintiff attaches documents to his Complaint which he claims demonstrate

---

[7] On March 27, 2025, Plaintiff filed two motions under Rule 60(b)(2) in the Southern District of New York requesting a certificate of innocence "so that Plaintiff can obtain monetary relief from the United States Court of Federal Claims." *United States v. Rahman*, No. 97-cr-498-8 (ECF No. 204) (Plaintiff's 60(b)(2) Motion filed in his original criminal case); *Dixon v. United States*, No. 24-cv-4312 (ECF No. 15) (Plaintiff's 60(b)(2) Motion filed in his civil *coram nobis* proceedings); *see also* ECF No. 18 (notifying this Court of these proceedings). Plaintiff's 60(b)(2) motions were denied on July 30, 2025. *Rahman*, No. 97-cr-498-8 (ECF No. 221); *Dixon*, No. 24-cv-4312 (ECF No. 26).

9

his innocence, he cannot here relitigate the validity of his conviction in this Court in the first instance. *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981); *Kenyon v. United States*, 683 F. App'x 945, 949 (Fed. Cir. 2017) (holding that this Court lacks jurisdiction "to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts" (quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994))); *Joshua*, 17 F.3d at 379 (holding that this Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"); *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002), *aff'd*, 60 F. App'x 292 (Fed. Cir. 2003) ("This Court has no authority to re-examine in detail the facts surrounding a conviction or imprisonment . . . ."). Rather, as a predicate to recovery under Sections 1495 and 2513, a plaintiff must demonstrate that his conviction *has already* been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted. 28 U.S.C. § 1495; *Phang v. United States*, 87 Fed. Cl. 321, 330 (2009), *aff'd*, 388 F. App'x 961 (Fed. Cir. 2010). Plaintiff has not, and cannot, make that showing here. Resp. at 1 ("Yes, as of yet [P]laintiff do[es] not have a certificate of innocence, but a lot of overwelming wronful [sic] acts and [c]onstitutional violations."); ECF No. 16 at 1 ("Plaintiff can not [sic] force the lower [c]ourt to grant [him] anything[,] not even a certificate of innocence."); ECF No. 18 at 1 ("As of the date on this notice, the lower [c]ourt hav'nt [sic] made a decision yet concerning a certificate of innocence being issued on behalf of [P]laintiff." (emphasis omitted)); *Dixon*, 2024 WL 3413735, at *3 ("Courts have repeatedly affirmed that the evidence introduced at Petitioner's trial was adequate to demonstrate Petitioner's guilt and have rejected Petitioner's claims of actual innocence."); *Dixon*, 2018 WL 910522, at *8 (denying Plaintiff's petition for writ of *coram nobis* in the Eastern District of New York).

In sum, Plaintiff has failed to satisfy the requirements of Section 2513. Plaintiff has not produced a certificate of innocence, and his conviction has not been reversed or set aside on the

ground that he is not guilty. 28 U.S.C. § 2513 (a)(1), (b). Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's unjust conviction claim.[8]

## II.     This Court Lacks Jurisdiction Over Plaintiff's Constitutional Claim.

Plaintiff also asserts a claim under the Due Process Clause of the Fifth Amendment. Compl. at 1–3. Specifically, Plaintiff's claim appears to encompass allegations of misconduct including (i) perjury by the Government's witnesses and informants in his trial, (ii) withholding Plaintiff's alibi evidence from the Court, and (iii) threatening Plaintiff to enter a guilty plea in his case in the Eastern District of New York. *Id.* This Court lacks jurisdiction over Plaintiff's constitutional claim because it is well-established that the Due Process Clause of the Fifth Amendment is not a money-mandating provision of federal law. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980)); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of

---

[8] The Federal Circuit has affirmed decisions from this Court dismissing unjust conviction claims that failed to meet the requirements of Section 2513 for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *Jackson*, 162 Fed. Cl. at 296–300; *compare Kenyon*, 683 F. App'x at 948–49 (affirming dismissal of wrongful imprisonment claims for lack of jurisdiction where the plaintiff had failed to meet the requirements of Section 2513), *with Nyabwa v. United States*, 696 F. App'x 493, 494–95 (Fed. Cir. 2017) (concluding that "the dismissal of [plaintiff's] complaint is better framed as one predicated on his failure to state a claim" where the plaintiff was not convicted of an "offense against the United States" under section 1495). This Court understands the requirements of Section 2513 to be jurisdictional prerequisites to recovery for unjust conviction. *Jackson*, 162 Fed. Cl. at 298–99 (holding that "compliance with § 2513, including submission of a certificate of innocence . . . is a prerequisite to the jurisdiction of the Court of Federal Claims" (quoting *Wood v. United States*, 91 Fed. Cl. 569, 577 (2009))); *accord Faircloth*, 2022 WL 908953, at *4 ("[T]he Court finds that a certificate of innocence is a jurisdictional prerequisite under §§ 1495 and 2513."). Regardless, even if the question were not jurisdictional, dismissal of Plaintiff's Complaint is also appropriate under Rule 12(b)(6) because Plaintiff has neither obtained nor produced a certificate of innocence or asserted in his Complaint that he has done so; therefore, Plaintiff has not plausibly alleged a claim under Section 1495. Accordingly, the Court grants Defendant's Motion to Dismiss under Rule 12(b)(6) in the alternative as to Plaintiff's unjust conviction claim. Mot. at 6–7.

money and thus do not provide a cause of action under the Tucker Act."); *Deweese v. United States*, No. 2024-1791, 2024 WL 5002116, at *2 (Fed. Cir. Dec. 6, 2024) (quoting *Smith*, 709 F.3d at 1116). Accordingly, this Court must dismiss Plaintiff's constitutional claim.

## **CONCLUSION**

For the reasons set forth above, the Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED** pursuant to Rule 12(b)(1) and, alternatively, pursuant to Rule 12(b)(6). Plaintiff's Complaint is **DISMISSED** without prejudice.[9] The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

---

[9] Plaintiff also requests a hearing before this Court. Resp. at 2; ECF No. 16 at 1. This request is denied, as a hearing could not change the result in this case. First, Plaintiff acknowledges that he has not yet received a certificate of innocence, and accordingly cannot prevail on his unjust conviction claim. *Brewer v. United States*, No. 2021-1872, 2023 WL 2233717, at *2 (Fed. Cir. Feb. 27, 2023) ("[Plaintiff's] claim for monetary relief under § 1495 cannot succeed without him having been granted a certificate of innocence."); *Grayson*, 141 Ct. Cl. at 869; *Burmaster*, 744 F. App'x at 701–702; *Kenyon*, 683 F. App'x at 948–49; *Faircloth*, 2022 WL 908953, at *4; *Jackson*, 162 Fed. Cl. at 299; *Sanganza v. United States*, 164 Fed. Cl. at 196. Further, this Court lacks jurisdiction to hear any "collateral attack on [Plaintiff's] convictions under the guise of a claim for money damages." *Carter*, 228 Ct. Cl. at 900; *Hastings v. United States*, No. 2022-2073, 2022 WL 16908624, at *1 (Fed. Cir. Nov. 14, 2022) ("But 28 U.S.C. § 2513 states requirements for [an unjust conviction] suit, making clear that the Court of Federal Claims may not itself review the conviction and imprisonment."). Finally, this Court lacks jurisdiction to consider Plaintiff's due process claim. *LeBlanc*, 50 F.3d at 1028 (citing *Carruth*, 627 F.2d at 1081); *Smith*, 709 F.3d at 1116; *Deweese*, 2024 WL 5002116, at *2 (quoting *Smith*, 709 F.3d at 1116). Therefore, without a certificate of innocence, this Court cannot grant Plaintiff's requested relief as a matter of law. Accordingly, to preserve party and judicial resources, the Court in its discretion declines to hold a hearing. The Court notes, however, that its dismissal is without prejudice. Thus, should Plaintiff prevail on a claim of actual innocence, obtain a certificate of innocence, and satisfy the remaining requirements of Section 2513 in the future, he may file a new Complaint with the Clerk of Court. *Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, 587 F.3d 1375, 1380 (Fed. Cir. 2009).